1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEE BAYLIS,<br><br>            Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. EDCV 15-857 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.    SUMMARY

On May 1, 2015, Eric Lee Baylis ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; May 6, 2015 Case Management Order ¶ 5.

///
///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    In May 2011, plaintiff filed applications for Supplemental Security Income

7    and Disability Insurance Benefits alleging disability on December 31, 2010 (which

8    was later amended to October 31, 2009) due to impairments related to plaintiff's

9    wrists, right elbow, right knee, and left shoulder, as well as "problems with

10   reading and understanding." (Administrative Record ("AR") 13, 72-73, 291, 302).

11   The Administrative Law Judge ("ALJ") examined the medical record and heard

12   testimony from plaintiff (who was represented by counsel) and a vocational expert

13   on February 22, 2013. (AR 68-122). At a supplemental hearing on August 16,

14   2013, the ALJ heard additional testimony from plaintiff (who was again

15   represented by counsel), and testimony from a different vocational expert

16   ("Second VE") and a medical expert. (AR 29-67).

17   On September 26, 2013, the ALJ determined that plaintiff was not disabled

18   through the date of the decision. (AR 13-24). Specifically, the ALJ found:

19   (1) plaintiff suffered from the following severe impairments:  left shoulder

20   adhesive capsulitis, left shoulder lipoma, obesity, and bilateral knee degenerative

21   joint disease (mild) (AR 15); (2) plaintiff's impairments, considered singly or in

22   combination, did not meet or medically equal a listed impairment (AR 16);

23   (3) plaintiff retained the residual functional capacity to perform a range of light

24   work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 16);

25

26   _____

27   [1]The ALJ determined that plaintiff:  (i) could lift and/or carry 11 to 20 pounds
     occasionally and 10 pounds frequently; (ii) could stand and/or walk for five hours out of an eight-

28   hour workday, but no more than one hour at a time, with regular breaks; (iii) could sit for six
     hours out of a eight-hour workday with regular breaks; (iv) could no more than occasionally
     (continued...)

2

(4) plaintiff could perform his past relevant work of commercial cleaner as actually performed, but not as the occupation is customarily performed in the national economy (AR 22); (5) alternatively, there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically paramutual [sic] ticket cashier, ticket taker, and sales attendant (AR 22-23); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not credible to the extent those statements are inconsistent with the ALJ's residual functional capacity assessment (AR 17-18).

The Appeals Council denied plaintiff's application for review.  (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

---

[1](...continued)
reach overhead with the left upper extremity; (v) could no more than occasionally reach, handle, finger, push, or pull with the bilateral upper extremities; (vi) could no more than occasionally stoop, kneel, crawl, and climb ladders, ropes, or scaffolds; (vii) could no more than frequently climb ramps and stairs; and (viii) could have no more than occasional exposure to extreme heat. (AR 16).

(1)    Is the claimant presently engaged in substantial gainful activity?  If
       so, the claimant is not disabled.  If not, proceed to step two.

(2)    Is the claimant's alleged impairment sufficiently severe to limit
       the claimant's ability to work?  If not, the claimant is not
       disabled.  If so, proceed to step three.

(3)    Does the claimant's impairment, or combination of
       impairments, meet or equal an impairment listed in 20 C.F.R.
       Part 404, Subpart P, Appendix 1?  If so, the claimant is
       disabled.  If not, proceed to step four.

(4)    Does the claimant possess the residual functional capacity to
       perform claimant's past relevant work?  If so, the claimant is
       not disabled.  If not, proceed to step five.

(5)    Does the claimant's residual functional capacity, when
       considered with the claimant's age, education, and work
       experience, allow the claimant to adjust to other work that
       exists in significant numbers in the national economy?  If so,
       the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

4

1   2006) (citing <u>Flaten v. Secretary of Health & Human Services</u>, 44 F.3d 1453, 1457

2   (9th Cir. 1995)).  Federal courts may review only the reasoning in the

3   administrative decision itself, and may affirm a denial of benefits only for those

4   reasons upon which the ALJ actually relied.  <u>Garrison v. Colvin</u>, 759 F.3d 995,

5   1010 (9th Cir. 2014) (citation omitted); <u>see also</u> <u>Molina</u>, 674 F.3d at 1121 (citing

6   <u>Securities and Exchange Commission v. Chenery Corp.</u>, 332 U.S. 194, 196

7   (1947)) ("[courts] may not uphold an agency's decision on a ground not actually

8   relied on by the agency").

9          Substantial evidence is "such relevant evidence as a reasonable mind might

10  accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389,

11  401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

12  less than a preponderance.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Young v. Sullivan</u>,

13  911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence

14  supports a finding, a court must "'consider the record as a whole, weighing both

15  evidence that supports and evidence that detracts from the [Commissioner's]

16  conclusion.'" <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001)

17  (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits

18  must be upheld if the evidence could reasonably support either affirming or

19  reversing the ALJ's decision.  <u>Robbins</u>, 466 F.3d at 882 (a court may not

20  substitute its judgment for that of the ALJ) (citing <u>Flaten</u>, 44 F.3d at 1457); <u>see</u>

21  <u>also</u> <u>Molina</u>, 674 F.3d at 1111 ("Even when the evidence is susceptible to more

22  than one rational interpretation, we must uphold the ALJ's findings if they are

23  supported by inferences reasonably drawn from the record.") (citation omitted).

24         Even when an ALJ's decision contains error, it must still be affirmed if the

25  error was harmless.  <u>Treichler v. Commissioner of Social Security Administration</u>,

26  775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was

27  inconsequential to the ultimate nondisability determination; or (2) the ALJ's path

28  may reasonably be discerned, even if the ALJ explains the ALJ's decision with

5

1  less than ideal clarity.  Id. (citation, quotation marks, and internal quotations
2  marks omitted).

3       A reviewing court may not make independent findings based on the
4  evidence before the ALJ to conclude that the ALJ's error was harmless.
5  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted);
6  see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may
7  not use harmless error analysis to affirm decision on ground not invoked by ALJ)
8  (citation omitted).  Where a reviewing court cannot confidently conclude that an
9  error was harmless, a remand for additional investigation or explanation is
10 generally appropriate.  See Marsh, 792 F.3d at 1173 (remanding for additional
11 explanation where ALJ ignored treating doctor's opinion and court not could not
12 confidently conclude ALJ's error was harmless); Treichler, 775 F.3d at 1099-1102
13 (where agency errs in reaching decision to deny benefits and error is not harmless,
14 remand for additional investigation or explanation ordinarily appropriate).

15 **IV.   DISCUSSION**

16      Plaintiff contends that the ALJ inadequately evaluated the credibility of his
17 subjective complaints.  (Plaintiff's Motion at 3-6).  Plaintiff testified that he
18 (i) was unable to carry even a gallon of milk without pain; (ii) could not carry
19 more than 10 pounds with his left (dominant) arm, and 15 pounds with his right
20 arm; (iii) could not sit for more than one hour due to severe back pain; (iv) was
21 unable to reach above shoulder height with his left arm, and could not reach above
22 his head with his right arm; (v) could not use his hands for more than an hour
23 without them locking up and his arms going numb; (vi) would fall downstairs
24 because both knees would "give out"; (vii) could only "occasionally" drive;
25 (viii) experienced constant pain – on average "seven or eight" out of 10; (ix) had
26 problems sleeping due to pain; and (x) on a "typical day" would just sit in the
27 garage and mostly listen to music or "rearrang[e] some stuff."  (AR 92-101).
28 ///

1    As discussed below, this Court concludes that the ALJ erred in evaluating
2  the credibility of plaintiff's complaints.  As the Court cannot find the ALJ's error
3  harmless, a remand is warranted.

4    **A.    Pertinent Law**

5    When a claimant provides "objective medical evidence of an underlying
6  impairment which might reasonably produce the pain or other symptoms alleged,"
7  and there is no affirmative finding of malingering, the ALJ may discount the
8  credibility of the claimant's subjective complaints only by "providing specific,
9  clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89
10 (citation and internal quotation marks omitted).  This requirement is very difficult
11 to meet.  See Garrison, 759 F.3d at 1015 (citation and internal quotation marks
12 omitted).

13   An ALJ's credibility determination must be specific enough to permit a
14 reviewing court to conclude that the ALJ did not arbitrarily discredit the
15 claimant's subjective complaints.  Brown-Hunter, 806 F.3d at 493 (citation and
16 quotation marks omitted).  Consequently, an ALJ must identify the specific
17 testimony he or she finds not credible, provide "clear and convincing reasons"
18 why that particular testimony lacks credibility, and identify the specific evidence
19 which undermines the claimant's subjective complaints.  See id. at 489, 493-94
20 (citation omitted).  "General findings are insufficient[.]"  Id. at 493 (citations and
21 quotation marks omitted).  Nonetheless, if the ALJ's interpretation of the
22 claimant's testimony is reasonable and is supported by substantial evidence, it is
23 not the court's role to second-guess it.  See Thomas v. Barnhart, 278 F.3d 947, 959
24 (9th Cir. 2002); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)
25 (evaluation of claimant's credibility and resolution of conflicts in testimony are
26 solely functions of Commissioner) (citation omitted).

27 ///
28 ///

7

1        **B.      Analysis**

2              First, the Court addresses the ALJ's determination to discount the credibility

3    of plaintiff's subjective complaints based on findings that plaintiff had "a

4    somewhat normal level of daily activity and interaction" and that plaintiff had

5    admitted to engaging in "activities of daily living including mowing the lawn,

6    watering plants, making repairs around the house, preparing his own meals, and

7    going grocery shopping once a month."  (AR 18) (citing Exhibits 5E at 7-8 [AR

8    340-41], 6E at 4 [AR 349]).  The ALJ concluded that "[plaintiff's] ability to

9    participate in such activities undermined the credibility of [plaintiff's] allegations

10   of disabling functional limitations," noting "[s]ome of the physical and mental

11   abilities and social interactions required in order to perform [plaintiff's daily]

12   activities [were] the same as those necessary for obtaining and maintaining

13   employment."  (AR 18).  The ALJ did not, however, specify *which* of plaintiff's

14   daily activities purportedly conflicted with *which* of plaintiff's subjective

15   complaints.  A general finding that plaintiff's collective daily activities are

16   inconsistent with the alleged severity of some or all of plaintiff's subjective

17   complaints is not sufficiently specific to permit the Court to determine whether the

18   ALJ discounted plaintiff's credibility on permissible grounds.  <u>See</u> <u>Brown-Hunter</u>,

19   806 F.3d at 494 (legal error where ALJ failed to identify specific testimony found

20   not credible and failed to "link that testimony to the particular parts of the record

21   supporting [ALJ's] non-credibility determination") (citation omitted); <u>see, e.g.</u>,

22   <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1138-39 (9th Cir. 2014) (rejecting

23   Commissioner's argument that conflicts between claimant's complaints of

24   headaches and treatment records for such headaches was a specific, clear, and

25   convincing reason to support ALJ's credibility finding, where the ALJ never

26   stated that rejection of plaintiff's allegations regarding headaches specifically

27   rested on a finding that claimant's treatment records for such headaches were

28   inadequate).

1    Moreover, substantial evidence does not support the ALJ's conclusion that
2    plaintiff engaged in "a somewhat normal level of daily activity and interaction."
3    For example, the ALJ said plaintiff admitted in a function report that his activities
4    generally included "mowing the lawn."  (AR 18) (citing, in part, Exhibit 5E at 7
5    [AR 340]).  More precisely, however, the function report reflects that plaintiff
6    would mow the lawn only "every [three] week[s]."  (AR 340).  The ALJ also said
7    plaintiff admitted to "making repairs around the house."  (AR 18) (citing, in part,
8    Exhibit 5E at 7 [AR 340]).  Although the function report reflects that plaintiff
9    initially circled "repairs" as one of the "household chores" he was "able to do," it
10   later explains that the extent of his ability to engage in any household chores was
11   essentially limited to cleaning his room and bathroom (rather than making repairs
12   around the house on a regular basis as the ALJ's opinion suggests).  (AR 340-41).
13   The ALJ also noted that plaintiff admitted that he was able to prepare his own
14   meals.  (AR 18, 340).  In the function report, however, plaintiff clarified that such
15   ability was very limited – *i.e.*, he would make very simple foods (*i.e.*, "hot dogs"
16   and "microwave stuff"), he took only a "few minutes" to do so, and he was unable
17   to "do things that take a lot of time" when preparing meals.  (AR 340).

18   Nonetheless, even assuming that plaintiff retained the ability to carry on
19   certain minimal activities of daily living, the ALJ did not find, nor does the record
20   reflect, that such activities "consume[d] a substantial part of [plaintiff's] day," and
21   thus such evidence does not constitute a clear and convincing reason for
22   discounting plaintiff's credibility.  See Vertigan v. Halter, 260 F.3d 1044, 1050
23   (9th Cir. 2001) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)); see also
24   Vertigan, 260 F.3d at 1049 ("One does not need to be 'utterly incapacitated' in
25   order to be disabled.") (citation omitted).

26   Second, the ALJ also discounted plaintiff's credibility stating that "[t]he
27   treatment records reveal the [plaintiff] received routine and conservative treatment
28   since the alleged onset date."  (AR 18).  An ALJ may properly consider evidence

1  of a claimant's conservative treatment as undermining subjective complaints of
2  debilitating pain.  See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (citation
3  omitted), cert. denied, 552 U.S. 1141 (2008).  Here, however, substantial evidence
4  does not support characterizing all of plaintiff's treatment as "routine and
5  conservative" since plaintiff's medical records reflect that on multiple occasions
6  plaintiff was prescribed strong narcotic medication to treat "severe pain" (*i.e.*,
7  Vicodin[2] or Tramadol[3]).  (AR 441, 480, 484, 487, 506-07); see, e.g., Aguilar v.
8  Colvin, 2014 WL 3557308, *8 (C.D. Cal. July 18, 2014) (remanding for new
9  credibility determination where ALJ discredited plaintiff based on "his
10 observation that treating physicians had responded with limited and conservative
11 treatment," but the record reflected that the plaintiff "[had] been prescribed
12 [strong] narcotic pain medications, such as Vicodin since his knee surgery");
13 Brunkalla-Saspa v. Colvin, 2014 WL 1095958, *1 (C.D. Cal. March 18, 2014)
14 (questioning ALJ's determination that plaintiff was less credible based on finding
15 that "[p]laintiff had been conservatively treated with Vicodin[,]" noting that
16 "Vicodin qualifies as *strong* medication to alleviate pain[]") (citations and
17 quotations omitted).

18      As defendant suggests, the ALJ might have been able to discount plaintiff's
19 credibility on other grounds.  (Defendant's Motion at 10)  Since the ALJ did not
20 do so in the administrative decision, however, this Court may not affirm the ALJ's
21 non-disability determination based on the additional grounds proffered by the
22 defendant.  See Garrison, 759 F.3d at 1010 ("We review only the reasons provided
23 ///

24 _____

25      [2]See Vicodin, Drugs.com web site, available at http://www.drugs.com/vicodin.html
26 (Vicodin is "a combination of acetaminophen and hydrocodone . . . [a narcotic] pain medication"
   and is "used for the relief of moderate to moderately severe pain").

27      [3]See Tramadol, Drugs.com web site, available at http://www.drugs.com/tramadol.html
28 ("Tramadol is a narcotic-like pain reliever [¶] . . . used to treat moderate to severe pain.").

10

1  by the ALJ in the disability determination and may not affirm the ALJ on a ground
2  upon which he did not rely.") (citation omitted).

3      Third, the ALJ found that the objective medical evidence does not support
4  plaintiff's subjective complaints.  (AR 18).  Since the ALJ did not provide any
5  other clear and convincing reason for discounting plaintiff's credibility, however,
6  the mere lack of objective medical evidence to support the alleged severity of
7  plaintiff's pain is an insufficient basis for the ALJ's credibility determination.  See
8  Burch, 400 F.3d at 681 (lack of objective medical evidence to support subjective
9  symptom allegations cannot form sole basis for discounting pain testimony).

10     Finally, the Court cannot conclude that the ALJ's errors were harmless.  For
11  example, the Second VE testified that there would be no work available if plaintiff
12  (or a hypothetical individual with the same characteristics as plaintiff) was "off
13  task . . . roughly 20 percent of the day."  (AR 62).  In light of the significant
14  functional limitations reflected in plaintiff's subjective symptom testimony, the
15  Court cannot "confidently conclude that no reasonable ALJ, when fully crediting
16  the [plaintiff's] testimony, could have reached a different disability
17  determination."  Stout, 454 F.3d at 1055-56.  Accordingly, a remand is warranted
18  to permit the ALJ to re-evaluate plaintiff's credibility.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

11

1

**V.     CONCLUSION**[4]

2

For the foregoing reasons, the decision of the Commissioner of Social

3

Security is reversed in part, and this matter is remanded for further administrative

4

action consistent with this Opinion.[5]

5

LET JUDGMENT BE ENTERED ACCORDINGLY.

6

DATED:  May 25, 2016

7

8

_____
          /s/

9

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

[4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
decision, except insofar as to determine that a reversal and remand for immediate payment of

15

benefits would not be appropriate.  On remand, however, the Commissioner may wish to address
the apparent discrepancy between the residual functional capacity assessment in the decision (AR

16

16 [stating "[plaintiff] can no more than *occasionally* reach, handle, finger, push, or pull with the
bilateral upper extremities"]) (emphasis added) and the hypothetical question the ALJ posed to

17

the Second VE (AR 58 [limiting hypothetical claimant to "[n]o more than *frequent* reaching,

18

handling, fingering, and pushing or pulling with the bilateral upper extremities."]) (emphasis
added).  Further, the ALJ may wish to address the following discrepancy relating to the ALJ's

19

characterization of the Second VE's testimony.  In addressing step five of the sequential

20

evaluation process, the ALJ wrote that the Second VE had testified that the number of available
positions for the representative occupations of paramutual [sic] ticket cashier, ticket taker, sales

21

attendant "would be eroded by a range of 33 to 50 percent."  (AR 23).  At the hearing, however,

22

the Second VE had identified such representative occupations in a response to the ALJ's request
for "examples of jobs that *do not* have erosion" (AR 63) (emphasis added).

23

24

[5]When a court reverses an administrative determination, "the proper course, except in rare
circumstances, is to remand to the agency for additional investigation or explanation."

25

Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and

26

quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy
defects in the original administrative proceeding. . . ."  Garrison, 759 F.3d at 1019 (citation and

27

internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir.
2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess

28

pain testimony).